Law Office of James McGee, PLC
Steven Parnell Weaver
CA Bar #243000
325 W. Hospitality Lane, Suite 212
San Bernardino CA 92408
steven@mcgeeplc.com
909-571-5599

UNITED STATES CENTRAL DISTRICT COURT

STATE OF CALIFORNIA

| | |
|---|---|
| Ivan Warren,<br><br>        PLAINTIFF,<br>vs.<br><br>COUNTY OF SAN BERNARDINO DEPUTY D. ARREDONDO #14705,<br><br>        DEFENDANT | Case: 5:22-CV-02094-CJC-JEM<br>FIRST AMENDED COMPLAINT FOR DAMAGES:<br><br>- 42 U.S.C. Section 1983 and 1988: Excessive Force/Eighth Amendment<br>- State Law Claims: Intentional Infliction of Emotional Distress;<br>- Battery by Law Enforcement Officer<br><br>DEMAND FOR JURY TRIAL |

## **NATURE OF ACTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. Sections 1983 and 1988, the Eighth Amendment of the United States

1

Constitution and the California State Constitution against the County of San Bernardino Sheriff Deputy D. Arredondo #14705.

## **PRELIMINARY STATEMENTS**

2. Ivan Warren, (PLAINTIFF), a past inmate at West Valley detention facility in the County of San Bernardino, brings this action against the DEFENDANT, for monetary damages to redress all the PLAINTIFF'S injuries resulting from DEFENDANT'S purposeful acts.

3. The Government-official DEFENDANT, through the official's own and individual actions, has violated the US and California Constitutions.

4. PLAINTIFF bring this action against all the DEFEDANT under the 8th Amendment of the United States Constitution and the Civil Rights Act of 1871, as codified at 42 U.S.C. § 1983, for injuries suffered as a result of the DEFENDANT'S actions.

5. PLAINTIFF states a claim against the DEFENDANT for breach of duties imposed upon him by the Constitution of the State of California and for duties imposed upon him by the common law. This is a civil action seeking damages against the DEFENDANT for committing acts under color of law and depriving the PLAINTIFF of rights secured by the Constitution and laws of the United States (42 U.S.C. § 1983).

2

6. DEFENDANT was purposeful, without limiting other acts and behaviors: failing to provide PLAINTIFF with immediate medical care.

7. The DEFENDANT deprived the PLAINTIFF'S rights as guaranteed by the Eighth Amendment to the Constitution of the United States.

8. PLAINTIFF suffered physical and emotional injuries, emotional distress, and deprivation of his constitutional rights as a consequence of the DEFENDANT'S actions and was in pain for 5 months and was on 3 types of pain medication.

9. We reserve the right to amend this Complaint after video evidence is made available.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the Federal Civil Rights claim pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

11. This action is filed under California Statutory Law and under common law, to redress injuries suffered by the PLAINTIFF at the hands of DEFENDANT.

12. The formal grievance process was exhausted by PLAINTIFF. A notice of claim was presented by PLAINTIFF and rejected thereafter by the

County of San Bernardino. The claim stated the time, place, cause, nature, and description of matter causing any injuries.

13. At all relevant times, PLAINTIFF was an inmate at West Valley detention center, operated by the Department in the County of San Bernardino.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

15. San Bernardino County is a California municipal corporation that operates the San Bernardino Sheriff's Department as an entity under its jurisdiction.

16. At all times mentioned herein and at all other relevant times, DEFENDANT Deputy was employed by the Sheriff's Department acting within the course and scope of his employment with the County.

17. PLAINTIFF Ivan Warren (PLAINTIFF) is an individual, and at all times mentioned herein was a citizen of the United States of America and a resident of the County of San Bernardino while in custody at the San Bernardino County West Valley Detention Center located at 9500 Etiwanda Ave, Rancho Cucamonga, CA 91739, which is where the incident happened.

## STATEMENT OF FACTS GIVING RISE TO THE PLAINTIFF

## PLAINTIFF's CAUSES OF ACTION

18. PLAINTIFF was transferred to West Valley Detention Center on 2/23/22 from a California State Prison so that he could be resentenced after a change in law that eventually released him from custody.

19. PLAINTIFF is disabled and requires the use of a hearing aid, and he was wearing a green and yellow vest upon intake with the words "Hearing Impaired" vividly displayed.

20. During the intake process on 2/23/22, PLAINTIFF asked a Deputy when he could expect to get a bed. Because he speaks loudly, the deputies pushed him, snatched him up and slammed him on the ground.

21. DEFENDANT then got on top of PLAINTIFF and grabbed his left arm and began to bend it in a painful way, purposefully.

22. PLAINTIFF pleaded in agony with the DEFENDANT to stop and told him that he was breaking his arm, but the DEFENDANT did not stop and continued to purposefully bend his arm to break it. PLAINTIFF heard a pop and his arm snapped.

23. PLAINTIFF was in excruciating pain after the incident and the DEFENDANT denied him the right to get medical treatment by telling the

nursing staff that PLAINTIFF was refusing medical attention when in fact PLAINTIFF was verbally in pain requesting medical attention.

24. PLAINTIFF was not able to be seen by a medial person until the following day.

25. PLAINTIFF was not x-rayed until roughly March 14, 2022.

26. PLAINTIFF's x-rays came back positive for a broken left elbow and shredded cartilage in his left elbow area.

27. PLAINTIFF was in pain for over 5 months and was prescribed at least 3 types of pain medication for his pain and suffering.

28. In the Inmate discipline report written by the DEFENDANT, it says that PLAINTIFF was being defiant in not going into his cell but literally mentions that they pulled him out of the cell, and he resisted and "dropped his weight to the floor." The only way to pull someone out of a cell is if they are inside of the cell.

29. The DEFENDANT's report says that the DEFENDANT and Deputy Argueta Munoz simply picked up the PLAINTIFF and placed him in the Sobering Cell #2 without further incident and fails to mention the DEFENDANT's actions in breaking PLAINTIFF'S arm.

30. There are cameras in the intake area that documents what happened between the DEFENDANT and PLAINTIFF.

31. A grievance was filed and found to be unfounded, and we are unaware of any discipline to the DEFENDANT.

## **COUNT 1 –Eighth Amendment Claim of Excessive Force**

32. PLAINTIFF re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

33. DEFENDANT touched PLAINTIFF in an offensive manner without his consent with excessive force causing a significant injury to his left elbow by purposefully bending it despite pleas for him to stop, which caused the arm to break and caused pain and suffering, and this use of force was objectively unreasonable;

34. The actions of the DEFENDANT resulted in the temporary loss of use of PLAINTIFF's arm and was intentional, willful, malicious, oppressive, excessive, and unnecessary force under any circumstance;

35. The DEFENDANT acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline; and

36. The DEFENDANT's actions caused harm to the PLAINTIFF that was foreseeable and in fact resulted in physical and emotional harm to the

PLAINTIFF; and the DEFENDANT is thereby liable for compensatory damages under 42 U.S.C. Section 1983;

37. There was no need to use any force in this instance, much alone the amount used;

38. The extent of the injury is major, resulted in the temporary inability to use such arm for months while it was in a sling and healing and PLAINTIFF still does not have the full use of that arm;

39. There was no threat perceived by or made to the DEFENDANT;

40. There was no warning or order to comply before this force was used;

41. The DEFENDANT in fact purposefully prohibited PLAINTIFF from seeing medical personnel immediately after the incident to cause him further harm;

42. PLAINTIFF further claims all of PLAINTIFF's attorney's fees and costs incurred and to be incurred in PLAINTIFF's presenting, maintaining, and prosecuting this action under 42 U.S.C, 1988;

43. The action of the DEFENDANT was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT.

## COUNT 2 – Intentional Infliction of Emotional Distress

44. The PLAINTIFF re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

45. DEFENDANT engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing PLAINTIFF to suffer emotional distress by bending PLAINTIFF's left arm back, while he screamed in pain, and asked him to stop until it broke, because a disabled person with a hearing issue was loud.

46. By purposefully bending and breaking PLAINTIFF'S arm while he was screaming in pain for him to stop, DEFENDANT intended to cause injury, pain, and emotional distress to PLAINTIFF. This is further evidenced by DEFENDANT stopping PLAINTIFF from getting medical attention;

47. PLAINTIFF suffered severe emotional distress in agonizing pain from having a broken arm with shredded cartilage for over 5 months;

48. DEFENDANT's conduct was the substantial and in-fact only factor in causing PLAINTIFF's severe emotional distress;

49. DEFENDANT abused a position of authority that gave him real and apparent power to affect PLAINTIFF's interest, and in fact did so by causing PLAINTIFF to be disciplined, after DEFENDANT broke his arm;

50. DEFENDANT knew that PLAINTIFF was disabled by his highly visible vest stating such and was therefore particularly vulnerable to emotional distress;

51. DEFENDANT knew that his conduct would likely, and in-fact did, result in harm due to mental distress by purposefully breaking PLAINTIFF'S are because PLAINTIFF was begging him to stop and was screaming in pain;

52. DEFENDANT knew that emotional distress would probably result from his conduct as he heard PLAINTIFF screaming and he ensured he was not seen by medical staff;

53. DEFENDANT gave little or no thought to the probable effects of his conduct because he did not stop while PLAINTIFF was screaming for him to stop.

54. PLAINTIFF's distress was not mild or brief and lasted for such an amount of time that no reasonable person in a civilized society should be expected to bear the pain of having their arm purposefully snapped without medical care for doing nothing wrong lasting several months and PLAINTIFF did suffer a gruesome injury which caused this severe emotional distress and was in pain for at least 5 months and was on at least 3 kinds of pain medication.

55. DEFENDANT was not exercising his legal right to anything as there was no cause for his behavior other than a deaf person's tone of speech;

56. DEFENDANT's conduct was not lawful or was inconsistent with community standards; and

57. DEFENDANT did not have a good-faith belief that he had a legal right to engage in the conduct as PLAINTIFF was not doing anything wrong.

58. The PLAINTIFF re-alleges and incorporates the earlier paragraphs herein regarding PLAINTIFF's request for damages and attorneys' fees as if set forth herein this Count.

## **COUNT 3 – Battery by Law Enforcement Officer**

59. The PLAINTIFF re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

60. DEFENDANT intentionally touched PLAINTIFF by not only slamming him to the ground but by bending his arm back until it broke;

61. DEFENDANT used unreasonable force on PLAINTIFF;

62. PLAINTIFF did not consent to the use of that force;

63. PLAINTIFF was harmed; and

11

64. DEFENDANT's use of unreasonable force was a substantial factor in causing PLAINTIFF 's harm.

65. PLAINTIFF was not being arrested, detained, was not escaping and did not commit a crime in the DEFENDANT's presence;

66. PLAINTIFF did not reasonably appear to pose an immediate threat to the safety of DEFENDANT or anyone else as he was inside of his cell and snatched outside of the cell;

67. There was no crime at issue at the time of DEFENDANT'S actions; and

68. PLAINTIFF was not actively resisting arrest or detention or attempting to evade such.

69. The PLAINTIFF re-alleges and incorporates the earlier paragraphs herein regarding PLAINTIFF's request for damages and attorneys' fees as if set forth herein this Count.

WHEREFORE, the PLAINTIFF demands judgment against the DEFENDANT and prays for relief as follows:

1.) Compensatory damages in an amount according to proof, which is fair, just and reasonable;

2.) Punitive and exemplary damages under Federal and California law, in an amount according to proof and in an amount which is fair, just, and reasonable against each individual DEFENDANT as authorized by law.

3.) All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C 1983 and 1988; California Code of Civil Procedure 1021.5; and as otherwise may be allowed by California and/or Federal law; and

4.) For such other and further relief as the Court deems just and proper.

Dated: February 23, 2023

_____
Steven Parnell Weaver
ATTORNEY FOR PLAINTIFF

DEMAND FOR JURY TRIAL

The PLAINTIFF hereby demands a jury trial on each and every count.

Dated: February 23, 2023

_____
Steven Parnell Weaver
ATTORNEY FOR PLAINTIFF